Johnson, J.
The case stated in the report, is, that the clerk, in assessing the sum actually due by the defendant to the plaintiff, made .a mistake in computing the interest, by means whereof the judgement is entered up for a sum less than was actually due to the plaintiff by about $200, and the cases cited in support of the motion shew, I think very clearly, that "this is one of those mistakes, in the discharge of a mere ministerial, duty which is amendable according to the established usage of the Court; and I take it as universally true, that it is inherent in the power of any Court to correct the errors of its ministerial agents, so as to subserve the ends of justice. And with great deference for the opinion of my brother Piarle, I am utterly unable to perceive in what this case differs in *477 principle from the case of the Bank of Pennsylvania v. Condy, (1 Hill, 209,) unless indeed it be that the power to amend there was more questionable than it is here. There, the jury, by mistake in the calculation of interest, found too great a sum for the plaintiff, which was apparent on the face 'of the proceeding, and notwithstanding that was the finding of a jury exercising judicial powers, the Court was of opinion that it was amendable. Here, a similar error was committed by the clerk, acting ministerially in relation to the same matter (the calculation of interest,) and if the judgement is amendable in one instance, I cannot perceive why it should not be so in the other. The case of the Mechanics’ Bank v. Menthorne, (19 Johnson, 244,) is precisely this case. There, as in this case, the damages were assessed by the clerk, probably in conformity with some statute of the State ef New York .corresponding with our own, and by mistake he computed the interest at one year less than the true time, and the attorney, not observing the mistake, entered up the judgement for the amount assessed, and on receiving the amount of damages thus assessed, and the costs, entered satisfaction on the judgement, and it was notwithstanding held, that the judgement was amendable by inserting the true sum, and it was so ordered : the Court founding its judgement upon the duty and power of the Court to correct the acknowledged error of its officer, and the propriety of doing that equity to which the party would be entitled in a Court of Chancery.
Motion granted.
O’Neall and Harper, Js. concurred.